## Berks County Poor District v. Montgomery County Poor District

*William E. Fisher* and *Dawson H. Muth,* for petitioner.
*F. Kenneth Moore,* for respondent.

SCHAEFFER, P. J., March 11, 1932.—On November 18, 1931, in pursuance of the petition of the Directors of the Poor of the Berks County Poor District, this court issued a citation, under The General Poor Relief Act of May 14, 1925, P. L. 762, to the Directors of the Poor of the Montgomery County Poor District, requiring them to show cause why certain children, under the age of sixteen years, should not be removed to the Montgomery County Poor District, there to

be cared for and maintained by said district, and why the Montgomery Poor District should not reimburse the Berks County Poor District for the moneys expended by the Berks district for the maintenance of said children. To this petition the directors of the Montgomery district have filed an answer and a hearing in court has been had.

From the petition, answer and testimony we find the pertinent facts to be as follows:

1. Prior to July, 1926, one Ammon Trieval resided with his wife and three small children at Stowe, Montgomery County.

2. In July, 1926, the wife of said Ammon Trieval died.

3. For several months thereafter Ammon Trieval boarded said children and himself at various boarding houses in and around Stowe in Montgomery County, paying for said board himself.

4. As boarding about proved unsatisfactory, Miss Kupp, of the Associated Charities of Pottstown, without order of court, procured the admission of the children to the Montgomery County House of Detention, where they remained for about three months. During this period the father paid the cost of their maintenance.

5. In the spring of 1927, Miss Kupp, with the father's approval, placed the children in the home of a Mrs. Rhoads in Amity Township, Berks County, where the children have remained ever since and now are.

6. Upon their placement with Mrs. Rhoads, Mr. Trieval paid what he was able towards the cost of the maintenance and the balance, after investigation by Director H. R. Thomas, was paid as outdoor aid directly to Mrs. Rhoads by the Montgomery County Poor District.

7. Between the spring of 1927 and February, 1930, Mr. Trieval's payments for the support of the children amounted to $627, and the payments by the Montgomery County Poor Board during the same period were about $714.

8. In 1928 Ammon Trieval, the father, left Montgomery County and went to Baumstown, Berks County, to live with his father-in-law, and he has continuously resided in Baumstown to the present time.

9. When he removed to Baumstown in 1928, Mr. Trieval intended to make his permanent home at that place.

10. In 1929 and 1930 Ammon Trieval paid personal taxes in Berks County.

11. Mr. Trieval is able-bodied and willing to work but has, for the past two years, had only part-time employment.

12. He has never received any contribution from either poor district or other public charity towards his own support or maintenance.

13. In February, 1930, the Montgomery board, learning of the father's residence in Berks County and believing that such residence constituted a legal settlement within the Berks district, refused to make further payments for the maintenance of said children.

14. After February, 1930, the father made several small but insufficient payments to Mrs. Rhoads for the support of said children.

15. From February, 1930, to November, 1931, the date of the petition in this proceeding, the Berks County Poor District has paid for the maintenance of said children the sum of $528, for which it asks repayment by the respondent.

## Discussion

We start with the proposition that the legal settlement of the children is that of the father: Act of May 14, 1925, P. L. 762, Sec. 800. The fact that the children happened to have been placed in Berks County by Miss Kupp can make no difference; the legal question would have been the same if the placement had

been in any other county. Our concern is with the legal settlement of the father. Clearly, up to 1928, that was in Montgomery County. Our question, therefore, is whether his removal to, and residence in, Berks County under the circumstances has worked his legal settlement in Berks County or whether, despite those facts, it still remains in Montgomery County.

Section ten of the Act of 1925 defines a "poor person" as "one who is unable to maintain himself or those dependent upon him;" and a "public charge" as "a person to whom poor relief from public funds is necessary for his maintenance—a pauper." Hence, Ammon Trieval is a "poor person" but not a "pauper" or "public charge," for the reason that no poor relief from public funds has ever been necessary for his own maintenance. He has maintained himself, but has been unable to maintain in full his children.

In the same section it is provided that "a 'settlement' of a person shall be his right under the provisions of this act to relief in any particular poor district."

Both the Berks County Poor District and the Montgomery County Poor District are coterminous with the boundaries of their respective counties.

Section 900 of the said act makes it the duty of the directors of every poor district to provide for every poor person within the district having a settlement therein who shall apply to them for relief, etc. By section 800 it is provided:

"A settlement may be gained in any poor district by any person not a public charge, married or single, who bona fide comes to inhabit therein and continues to reside there for one year. Persons born in a place, whether legitimate or illegitimate, shall be deemed to be settled there unless the parent having their custody be settled elsewhere and all children shall follow the settlement of the parent or parents, stepfather or stepmother, having their custody, until the age of sixteen years."

As we must conclude that Ammon Trieval, having always supported himself, has never been a public charge, it would appear that he was at liberty to remove from Montgomery County to Berks County, that as he has resided here about four years with the intention of remaining here permanently, his "coming to inhabit" in Berks County was bona fide, and that, therefore, after he had resided here for one year, he gained a legal settlement in this county, and, hence, in the Berks County Poor District.

Section 800 of the Act of 1925 is a reënactment of section one of the Act of April 6, 1905, P. L. 112 (62 PS § 1843).

Having come to inhabit in Berks County in 1928 and having remained there ever since and paid "his proportion of any taxes or levies" for two years, in 1929 and 1930, Mr. Trieval gained a settlement in Berks County under the provisions of the Act of May 1, 1909, P. L. 307, Sec. 3 (62 PS § 1841), and of the Act of June 13, 1836, P. L. 539, Sec. 9.

The petitioners admit that, prior to the Act of 1925, Mr. Trieval would have acquired a settlement in Berks County under the facts of this case: Scranton Poor District v. Directors of the Poor of Danville and Mahoning, 106 Pa. 446; Poor Overseers of Greene v. Overseers of Dreher, 15 Just. 250; Damascus v. Buckingham, 3 Dist. R. 744; Poor District of Homer v. Poor District of Austin, 19 Pa. C. C. 546. But they contend that the provision of the Act of 1925 to the effect that "a settlement may be gained in a poor district by any person not a public charge," must be construed as preventing him from gaining a settlement outside of Montgomery County during the time when his children were being supported in part or in whole out of public funds. But with this we cannot agree. For, as we have seen, Mr. Trieval himself must be considered a "poor person" and not a "public charge" or "pauper" within the meaning of those words as defined by section ten of the act. As poor relief funds have never been

200

necessary for his own maintenance, he personally has never been a public charge, and the fact that his children have been and are does not make his status other than that of a "poor person."

And now, to wit, March 11, 1932, the order of removal is refused and the petition refused. The costs of this proceeding are to be paid by the Berks County Poor District.

From Charles K. Derr, Reading, Pa.